UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERVIN CARTER,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11219** |
| **DARREL VANNOY,**<br>    Defendant | **SECTION "E"** |

### ORDER AND REASONS

Before the Court is a Report and Recommendation[1] issued by Magistrate Judge Dana Douglas, recommending Petitioner Ervin Carter's petition for Writ of Habeas Corpus[2] be dismissed with prejudice. Petitioner timely objected to the Magistrate Judge's Report and Recommendation.[3] For the reasons that follow, the Court **ADOPTS** the Report and Recommendation[4] as its own and hereby **DENIES** Petitioner's application for relief.

### BACKGROUND

The underlying facts of the crime for which Petitioner was convicted need not be repeated here and are outlined in depth in the state-court opinion.[5] The timeline, however, of Petitioner's filings is crucial to the resolution of this case.

On August 29, 2014, petitioner was convicted of eight counts of armed robbery using a firearm under Louisiana law.[6] For each count, he received a concurrent sentence of one hundred four years (ninety-nine years for armed robbery and an additional five

---

[1] R. Doc. 20.
[2] R. Doc. 8.
[3] R. Doc. 21.
[4] R. Doc. 20.
[5] *State v. Carter*, 171 o. 3d 1265. 1269-1275 (La. Ct. App. 2015).
[6] R. Doc. 1 at 1.

1

years for using a firearm) to be served without benefit of parole, probation, or suspension of sentence.[7] On July 29, 2015, the Louisiana Fifth Circuit Court of Appeal affirmed his convictions and sentences.[8]

The Louisiana Supreme Court then denied his related writ application on October 17, 2016, and he did not file a petition for writ of certiorari with the United States Supreme Court.[9] Petitioner's conviction thus became final on **January 17, 2017** for the purposes of the Antiterrorism and Effective Act of 1996 ("AEDPA") – after the expiration of his 90-day period to file a petition for a writ of certiorari with the Supreme Court.[10]

On or after January 11, 2018, petitioner filed an application for post-conviction relief with the state district court.[11] That application was denied on March 1, 2018.[12] His related writ applications were then likewise denied by the Louisiana Fifth Circuit Court of Appeal on May 30, 2018,[13] and the Louisiana Supreme Court on May 6, 2019.[14]

---

[7] *Id.*
[8] *Id.*
[9] *Id.* at 2.
[10] *See* United States Supreme Court Rule 13(1) ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."). Here, the ninetieth day of that period fell on a Sunday, and the following day was a federal legal holiday. See 5 U.S.C. § 6103(a) ("The following are legal public holidays: . . . Birthday of Martin Luther King, Jr., the third Monday in January. . ."). Therefore, Petitioner's deadline was extended until Tuesday, January 17, 2017. *See* United States Supreme Court Rule 30(1) ("In the computation of any period of time prescribed or allowed by these Rules, by order of the Court, or by an applicable statute, the day of the act, event, or default from which the designated period begins to run is not included. The last day of the period shall be included, unless it is a Saturday, Sunday, federal legal holiday listed in 5 U.S.C. § 6103, or day on which the Court building is closed by order of the Court or the Chief Justice, in which event the period shall extend until the end of the next day that is not a Saturday, Sunday, federal legal holiday, or day on which the Court building is closed.") *see Robert v. Cockrell*, 319 F.3d 690. 693 (5thCir. 2003).
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*

On May 14, 2019, petitioner filed the instant federal application seeking habeas corpus relief.[15] The state filed a response arguing that the application should be dismissed as untimely.[16]

The delay between the day that Petitioner's conviction became final and the day that he filed his application for post-conviction relief with the state district court was 358 days. That left petitioner only **seven (7)** days to file his federal petition for habeas relief after the Louisiana Supreme Court denied his writ application on **May 6, 2019**, or, until **May 13, 2019**.  The day that he filed his application for federal habeas relief was **May 14, 2021**, or eight (8) days later, resulting in a total of 366 days, one day longer than he had to file in this Court under AEDPA.[17]

The Magistrate thus determined that Petitioner filed his habeas corpus petition one day too late and thus recommended that the petition be dismissed as untimely.[18] Petitioner then timely objected to the Magistrate Judge's report and recommendation.[19]

---

[15] *Id.*
[16] *Id.*
[17] 28 U.S.C. § 2244(d)(1)(A).
[18] R. Doc. 20 at p. 19. The United States Court of Appeals for the Fifth Circuit has held that missing the deadline to file by even one day bars a habeas petitioner's claim as untimely. *See, e.g., In re Lewis*, 484 F.3d 793, 796 (5th Cir. 2007) (authorization to file a successive habeas application denied because it was filed one day too late). Other courts have held similarly; *see also United States v. Locke*, 471 U.S. 84, 100-01 (1985) ("If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline . . . A filing deadline cannot be complied with, substantially or otherwise, by filing late – even by one day."); *Hartz v. United States*, 419 F. App'x 782, 783 (9th Cir. 2011) (unpublished) (affirming the dismissal of a federal habeas petition where petitioner "simply missed the statute of limitations deadline by one day."); *Rouse v. Lee*, 339 F.3d 238, 241 (4th Cir. 2003); *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (holding that a federal habeas petition submitted one day late was properly dismissed as untimely under the AEDPA); *Lattimore v. Dubois*, 311 F.3d 46, 53-54 (1st Cir. 2002) (reversing district court's decision to give the petitioner a "grace period" and dismissing a habeas petition as untimely when it was submitted one day late); Lookingbill v. Cockrell, 293 F.3d 256, 265 (5th Cir. 2002) (stating "[w]e have consistently denied tolling even where the petition was only a few days late"); *Burns v. Pugh*, No. 09-C-1149, 2010 WL 3092655 (E.D. Wis. Aug. 6, 2010) (denying habeas petition when it was filed one day late);*Vigil v. Gipson*, No. CV 11-10360, 2012 WL 1163633, at *1 (C.D. Cal. Mar. 13, 2012), *report and recommendation adopted*, No. CV 11-10360, 2012 WL 1163133 (C.D. Cal. Apr. 9, 2012) (same).
[19] R. Doc. p1.

## ANALYSIS

A.   Standard of Review

In reviewing the Magistrate Judge's Report and Recommendations, the Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.[20] As to the portions of the report that are not objected to, the Court needs only to review those portions to determine whether they are clearly erroneous or contrary to law.[21] A factual finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[22] The magistrate judge's legal conclusions are contrary to law when the Magistrate Judge misapplies case law, a statute, or a procedural rule.[23]

B.   Petitioner's Objections

Scattered throughout Petitioner's objections are various challenges to the Magistrate Judge's report and recommendation that the petition is untimely. After considering statutory tolling, equitable tolling, and the "actual innocence" standard, the Magistrate Judge concluded that no standard justified tolling the petition. The Court will address Petitioner's arguments seriatim.

---

[20] *See* 28 U.S.C. § 636(b)(1)(C) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[21] *Id.* §(b)(1)(A).
[22] *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).
[23] *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014); *see also Ambrose-Frazier v. Herzing Inc.*, No. 15-1324, 2016 WL 890406, at *2 (E.D. La. Mar. 9, 2016) ("A legal conclusion is contrary to law when the magistrate fails to apply or misapplies relevant statutes, case law, or rules of procedure.") (internal quotation marks and citation omitted).

1. <u>Equitable Tolling</u>

While not referring to it as equitable tolling, Petitioner contends that the doctrine of equitable tolling should apply because the mail officials at the Louisiana State Penitentiary failed to deliver the Louisiana Supreme Court decision to him until May 14, 2019, even though the court rendered the decision on May 6, 2019. Had Petitioner received the Supreme Court's decision on that date, he contends, it would have left him with seven (7) days to file his federal petition. That did not happen "due to state actor(s) action/inaction."[24]

The Magistrate Judge is correct, however, when she notes that the Supreme Court has held that "a petitioner is entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing."[25] Assuming, for the sake of argument, that the extraordinary circumstances involving the mail and notice prevented the timely filing of the petition, the Court agrees with the Magistrate Judge that Petitioner failed to pursue his rights diligently.

"A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."[26] "'[E]quity is not intended for those who sleep on their rights.'"[27] The petitioner bears the burden of establishing that equitable tolling is warranted.[28] "[A] petitioner must show

---

[24] R. Doc. 19 at p. 4.
[25] *Holland v. Florida*, 560 U.S. 641, 649 (2010).
[26] *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).
[27] *Id.* (quoting *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999)).
[28] *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

that he pursued the habeas corpus relief process with diligence and alacrity *both before and after* receiving notification."[29]

Here, Petitioner waited 358 days to file his state post-conviction relief after he failed to file a writ in the Supreme Court on direct review. That Petitioner was left with only seven days within which to file his federal application after the state courts denied collateral review was a time crunch of Petitioner's own making. As noted above, "'equity is not intended for those who sleep on their rights.'"[30] The Court finds that Petitioner has failed to carry his burden that equitable tolling is warranted here.

C.  *Ramos v. Louisiana*

Petitioner next appears to argue that *Ramos v. Louisiana* applies here.[31] In *Ramos*, the Supreme Court held that the Sixth Amendment requires a unanimous verdict to support a conviction in state court.[32] Petitioner thus maintains that the verdict to support his underlying conviction in state court is invalid and cannot stand, evidently because the jury verdict was not unanimous.

But *Ramos* is not retroactive on collateral review, and the Supreme Court has never held it to be. Indeed, the Supreme Court only granted certiorari on the very question last year[33] and has yet to hand down an opinion. This argument is meritless.

D.  Actual Innocence

Petitioner maintains that he is actually innocent of the crimes with which he was charged. Petitioner contends again that because the verdict against him was not

---

[29] *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (emphasis added; quotation marks and brackets omitted).
[30] *In re Wilson*, 442 F.3d at 875 (quoting *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999)).
[31] 140 S.Ct. 1390 (2020).
[32] *Id.* at 1397.
[33] *Edwards v. Vannoy*, Civ. A. No. 18-31095, 2017 W9 WL 8643258 (5th Cir. May 20, 2019), *cert. granted*, 140 S. Ct. 2737 (U.S. May 4, 2020) (No. 19-5807).

6

unanimous, the verdict is invalid.  For the reasons outlined below, the Court finds that Petitioner cannot take advantage of the "actual innocence" standard.

> In *Mcquiggles v. Perkins*, the Supreme Court held:
>
> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S., at 329; *see House*, 547 U.S., at 538 (emphasizing that the *Schlup* standard is "demanding" and seldom met).[34]

To support a claim for "actual innocence," a petitioner must support his allegations "with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id*.

Petitioner did not invoke *Perkins*, and neither did he cite to *Schlup*. Indeed, Petitioner presents the Court with absolutely no new reliable evidence that was not presented at trial.  There was ample evidence presented at trial of Petitioner's guilt.[35] The Court rejects this argument.[36]

---

[34] 569 U.S. 383 at 386 (2013).
[35] *State v. Carter*,171 So. 3d 1269-75 (La. Ct. App. 2015); (recounting all of the evidence presented at Petitioner's trial); R. Doc. 20 at pp. 11-18 (same).
[36] Several times throughout his brief, Petitioner invokes the words "competent counsel," "entitled to counsel," "competent counsel on one's first appeal," or "the totality of counsel's errors." However, petitioner fails to brief that issue.  "A defendant waives an issue if he fails to adequately brief it." *Castro v. McCord*, 259 F. App'x 664, 665-66 (5th Cir. 2007) (citing *United States v. Martinez*, 263 F.3d 436, 438 (5th Cir. 2001)). "[T]his court requires arguments to be briefed to be preserved and issues not adequately briefed are deemed abandoned . . . ." *Id*. at 665-66 (citing *Regmi v. Gonzales*, 157 F. App'x 675, 676 (5th Cir. 2005). Moreover, "it is clear that federal law does not require the appointment of counsel in either state or federal collateral-review proceedings. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings."); P*ennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, and we decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further." (citation omitted))." *Dufrene v.*

**CONCLUSION**

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge Douglas's Report and Recommendation[37] as its own and hereby **DENIES** Petitioner's application for relief.

**IT IS ORDERED** that the above-captioned matter be **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 22nd day of April, 2021.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

*Ramos*, Civ. A. No. 16-13822, 2016 WL 6311122, at *2 (E.D. La. Oct. 6, 2016), *report and recommendation adopted*, Civ. A. No. 16-13822, 2016 WL 6276893 (E.D. La. Oct. 27, 2016).
[37] R. Doc. 20.